UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**BENSON EVERETT LEGG**
Chief Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0723

August 7, 2009

TO COUNSEL OF RECORD RE:   Kennedy v. Allera
Civil Action No. L-07-2300

Dear Mr. Kennedy and Mr. Adams:

Now pending is Defendant's Supplemental Motion to Dismiss. (Docket No. 23). For the reasons stated below, that motion is GRANTED and Plaintiff's Petition for Writ of Habeas Corpus is DISMISSED.[1]

The full facts of this case are provided in the Court's prior opinions. In short, Kennedy filed the instant habeas petition under 28 U.S.C. § 2241 on August 29, 2007, claiming that his probation officer, Respondent Michael Allera, and his psychotherapist, Respondent Kathy Seifert, denied him access to personal medical records that were considered by the United States Parole Commission (the "Commission") during two parole termination hearings, one held in 2005 and the other in 2007. Kennedy further contends that the Commission relied upon the withheld information when determining that his supervision should be continued, thereby violating their own procedural regulations and his Fifth Amendment due process rights.

In its August 8, 2008 Memorandum, the Court determined that Kennedy's claims relating to his 2005 hearing were time-barred, except to the extent that the Commission's 2007 decision relied on information from 2005. It has since become clear that the Commission's officially stated reasons for ordering continuing supervision in 2007 were based solely on (i) Kennedy's ongoing failure to take responsibility for the crimes of rape and murder for which he was convicted and (ii) the results of a polygraph examination conducted in 2006, which revealed Kennedy's inability to be truthful. Because the Commission did not rely on information presented in the 2005 hearing in reaching its 2007 conclusions, Kennedy's Petition is therefore confined to his allegations regarding the 2007 hearing.

Barring three exceptions that are not relevant to the instant case, a parolee has the pre-hearing right to request and receive disclosure of any evidence that the Commission will use in making its parole decisions. See 18 U.S.C. § 4211(c)(1); 18 U.S.C. § 4214(a)(2); 28 CFR § 2.55. From the record, it remains unclear whether Kennedy received a copy of the 2006 polygraph examination. If Kennedy did not receive this information, his procedural rights to pre-hearing disclosure may have been violated.

---

[1] Plaintiff's pending motions—Motion for Appointment of Counsel (Docket No. 20), Motion for Hearing (Docket No. 21), Motion for Temporary Restraining Order and Motion for Preliminary Injunction (Docket No. 27)—are also hereby DISMISSED as moot as a result of the dismissal of his Petition for Writ of Habeas Corpus.

Nonetheless, even if Kennedy's due process rights were violated in connection with his 2007 parole hearing, his Petition for Writ of Habeas Corpus should be dismissed as moot. As several U.S. Courts of Appeal have acknowledged, the remedy for a violation of a parolee's procedural rights as they relate to a parole hearing is a new hearing. See, e.g., Anderson v. U.S. Parole Com'n, 793 F.2d 1136 (9th Cir. 1986) (declining to consider petitioner's constitutional allegations on the basis that the violation of parole hearing notice requirements entitled habeas petitioner to new parole hearing with the Commission); U.S. ex rel. Schiano v. Luther, 954 F.2d 910 (3d Cir. 1992) (remanding with instructions to return the case to the Parole Commission for rehearing in compliance with the procedures of 28 C.F.R. §2.55 as a result of the Commission's violation of its own regulations in failing to disclose material on which it relied in reaching its parole determination).

Since the filing of the parties' briefs, Kennedy was granted a new parole hearing.[2] In addition, it is undisputed that the Commission provided Kennedy with both his medical records and polygraph results on November 28, 2007. Thus, he had full access to his records prior to the most recent hearing, held on December 22, 2008. Because the only available remedy for any due process violation concerning Kennedy's 2007 hearing would be a new hearing, his Petition for Writ of Habeas Corpus became moot when the Commission conducted a new hearing. The only remedy that this Court could have offered has already been achieved.

For the above-stated reasons, Defendant's Supplemental Motion to Dismiss is GRANTED and Plaintiff's Petition for Writ of Habeas Corpus is DISMISSED.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

> Very truly yours,
>
> /s/
>
> Benson Everett Legg
> Chief Judge

---

[2] At that hearing—held on December 22, 2008—the Commission again determined that Kennedy's supervision would be continued.